IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

BARBARA D. GRIFFARD,

        Plaintiff

VS.

MICHAEL J. ASTRUE,[1]
COMMISSIONER OF SOCIAL SECURITY,

        Defendant

NO. 5:06-CV-236 (CAR)

**SOCIAL SECURITY APPEAL**

## RECOMMENDATION

This is a review of a final decision of the Commissioner of Social Security denying the plaintiff's claim for benefits under the Social Security Act, 42 U.S.C. § 423. All administrative remedies have been exhausted. Jurisdiction arises under 42 U.S.C. § 405(g). This case has been referred to the undersigned, a full time United States Magistrate Judge, for consideration pursuant to Rule 72 of the Federal Rules of Civil Procedure and Local Rule 72.

### HISTORY

Plaintiff BARBARA D. GRIFFARD applied for disability benefits and Supplemental Security Income on June 19, 2002. Her application was denied initially and upon reconsideration. Plaintiff applied for a hearing by an administrative law judge ("ALJ"), who issued an unfavorable decision. Plaintiff appealed the ALJ's finding to the Appeals Council, which denied Plaintiff's request for review on May 10, 2006. Plaintiff alleges disability commencing on May 11, 1998 due to carpal tunnel syndrome, panic attacks, and scleroderma.

### LEGAL STANDARDS

The court's review of the Commissioner's decision is limited to a determination of whether it is supported by substantial evidence and whether the correct legal standards were applied. ***Walker v. Bowen***, 826 F.2d 996 (11th Cir. 1987). Substantial evidence is defined as more than a scintilla and means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. ***Richardson v. Perales***, 402 U.S. 389, 91 S. Ct. 1420, 28 L.Ed.2d 842 (1971).

---

[1]Pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure, current Commissioner Astrue is substituted for former Commissioner Barnhart.

The court's role in reviewing claims brought under the Social Security Act is a narrow one. The court may not decide facts, reweigh evidence, or substitute its judgment for that of the Commissioner.[2] ***Bloodsworth v. Heckler***, 703 F.2d 1233, 1239 (11th Cir. 1983). The court must, however, decide if the Commissioner applied the proper standards in reaching a decision**. *Harrell v. Harris***, 610 F.2d 355, 359 (5th Cir. 1980). The court must scrutinize the entire record to determine the reasonableness of the Commissioner's factual findings. *Bloodsworth, supra*, at 1239. However, even if the evidence preponderates against the Commissioner's decision, it must be affirmed if substantial evidence supports it. *Id*.

The initial burden of establishing disability is on the claimant. ***Kirkland v. Weinberger***, 480 F.2d 46 (5th Cir. 1973). However, the claimant's burden is a heavy one and is so stringent that it has been described as bordering on the unrealistic. ***Oldham v. Schweiker***, 660 F.2d 1078 (5th Cir. 1981).

A claimant seeking Social Security disability benefits must demonstrate that he suffers from an impairment that prevents him from engaging in any substantial gainful activity for a twelve-month period. 42 U.S.C. § 423(d)(1). In addition to meeting the requirements of these statutes, in order to be eligible for disability payments, a claimant must meet the requirements of the Commissioner's regulations promulgated pursuant to the authority given in the Social Security Act. 20 C.F.R. §§ 404.1 *et seq*.

Under the regulations, the Commissioner determines if a claimant is disabled by a five step procedure. 20 C.F.R. § 404.1520, Appendix 1, Part 404. First, the Commissioner determines whether the claimant is working. Second, the Commissioner determines whether the claimant has an impairment which prevents the performance of basic work activities. Next, the Commissioner determines whether the claimant's impairment(s) meets or equals an impairment listed in Appendix 1 of Part 404 of the regulations. Fourth, the Commissioner determines whether the claimant's residual functional capacity can meet the physical and mental demands of past work. Finally, the Commissioner determines whether the claimant's residual functional capacity, age, education, and past work experience prevents the performance of any other work.

---

[2]Credibility determinations are left to the Commissioner and not to the courts. *Carnes v. Sullivan*, 936 F.2d 1215, 1219 (11th Cir. 1991). It is also up to the Commissioner and not to the courts to resolve conflicts in the evidence. *Wheeler v. Heckler*, 784 F.2d 1073, 1075 (11th Cir. 1986). *See also Graham v. Bowen*, 790 F.2d 1572, 1575 (11th Cir. 1986).

In arriving at a decision, the Commissioner must consider the combined effect of all the alleged impairments, without regard to whether each impairment, if considered separately, would be disabling. *Bowen v. Heckler*, 748 F.2d 629, 635 (11th Cir. 1984). The Commissioner's failure to apply correct legal standards to the evidence presented is grounds for reversal. *Id*.

## DISCUSSION[3]

The issues involved in this case involve whether the ALJ used the correct standard and provided the vocational expert ("VE") with an accurate and complete hypothetical when describing the plaintiff's residual functional capacity ("RFC"). Specifically, plaintiff GRIFFARD argues that the ALJ was inconsistent when he found that she is markedly limited in social functioning and moderately limited in concentration, persistence, and pace, but did not include any related limitations in his hypothetical, other than saying that the plaintiff would have to avoid large groups of people.

Plaintiff argues that failing to include specific limitations in the hypothetical renders the VE's findings inaccurate. It is well settled that "[i]n order for a vocational expert's testimony to constitute substantial evidence, the ALJ must pose a hypothetical question which comprises all of the claimant's impairments." **Wilson v. Barnhart**, 284 F.3d 1219, 1227 (11th Cir. 2002).

The ALJ included a reference to the plaintiff's limitations in working with large groups of people, but the plaintiff claims that the limitation the ALJ provided was not specific enough and/or did not limit the plaintiff enough based on the ALJ's finding that she is markedly limited is social functioning. The regulations defining a marked limitation in social functioning, however, permit the ALJ to cite only one area in which a claimant is limited:

> *A marked limitation may arise when several activities or functions are impaired, or even when only one is impaired, as long as the degree of limitation is such as to interfere seriously with your ability to function independently, appropriately, effectively, and on a sustained basis.*

20 C.F.R., Pt. 404, Pubpt. P, App. 1, 12.00(C).

---

[3]As an initial matter, the defendant rightly points out in her brief that the plaintiff has waived any claims as to any alleged error with respect to the ALJ's (1) not opening the plaintiff's prior application, and (2) denying benefits on the basis of any physical impairments. This Recommendation will therefore only deal with the issues the plaintiff briefed, to wit: the plaintiff's arguments regarding her psychological impairments.

Accordingly, the ALJ could have believed that the plaintiff had such a severe limitation in her functioning in large crowds, that her limitation in that area alone was enough to constitute a marked limitation in social functioning, while at the same time believing that the plaintiff's limitations with respect to "her ability to interact with co-workers, supervisors, [and] the general public" (Pl. Brief, Tab #10 at 10) were negligible. While it would have been beneficial for our purposes of review if the ALJ had better articulated his reasoning, there is substantial evidence to support that conclusion based on the medical records available to him. *See* Tr. 403.

However, with respect to the ALJ's findings that the plaintiff was moderately limited in concentration, persistence, and pace, but that the plaintiff could perform semi-skilled work (Tr. at 28), the ALJ's hypothetical did not present a complete hypothetical to the VE.

Semi-skilled work is defined as

> *work which needs some skills but does not require doing the more complex work duties. Semi-skilled jobs may require alertness and close attention to watching machine processes; or inspecting, testing or otherwise looking for irregularities; or tending or regarding equipment, property, materials, or persons against loss, damage or injury; or other types of activities which are similarly less complex than skilled work, but more complex than unskilled work . . .*

20 C.F.R. §404.1568(b).

Limitation with respect to concentration, persistence, or pace "refers to the ability to sustain focused attention and concentration sufficiently long to permit the timely and appropriate completion of tasks commonly found in work settings." 20 C.F.R., Pt. 404, Pubpt. P, App. 1, 12.00(C)(3).

A moderate limitation with respect to alertness and attention must be at least discussed when opining that a claimant can perform a job that requires focused attention and concentration. The VE's opinion — which was formed without providing any limitation with respect to the plaintiff's concentration, persistence, or pace — was thus based on an incomplete hypothetical. The ALJ's reliance on the VE's findings, therefore, is not supported by substantial evidence.

The Commissioner argues that the ALJ's findings as to the plaintiff's concentration, persistence, and pace were correctly utilized when determining if the plaintiff's mental impairment is equivalent in severity to a listed mental disorder. *See* Def. Brief, Tb #11 at 6 (citing 20 C.F.R. 404.1520a). The Commissioner's argument is not persuasive. It goes against common sense to permit a clearly defined finding in one section that places a distinct limitation on a claimant's ability to function but disregard that finding at a later stage, when it could be utilized.

**CONCLUSION**

For the reasons stated above, IT IS RECOMMENDED that the Commissioner's decision be **REMANDED** for further findings regarding the impact a moderate limitation as to the plaintiff's concentration, persistence, and pace would have on her ability to work. Pursuant to 28 U.S.C. §636(b)(1), the parties may serve and file written objections to this RECOMMENDATION with the district judge to whom this case is assigned **WITHIN TEN (10) DAYS** after being served with a copy thereof.

SO RECOMMENDED this 28th day of AUGUST, 2007.



                                                CLAUDE W. HICKS, JR.
                                                UNITED STATES MAGISTRATE JUDGE